UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 14, 2024

MEMORANDUM TO COUNSEL RE:     Bernard Kevin Campbell v. YesCare Corp., et al.
Civil Action No. GLR-24-2042

Dear Counsel:

Pending before the Court is Plaintiff Bernard Kevin Campbell's Motion for Preliminary Injunction (ECF No. 9).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will deny the Motion.

Campbell is a state prison inmate currently housed at Jessup Correctional Institution ("JCI") in Jessup, Maryland. (Am. Compl. ¶ 3, ECF No. 7).[2] He alleges that he suffers from Charcot-Marie-Tooth Disease and, as a result, requires orthotic leg braces to assist him in walking and to mitigate the painful effects of his disease. (Id. ¶¶ 11–12, 14). Campbell claims that for years, YesCare Corp. ("YesCare") has refused to repair or replace the straps on his leg brace, which no longer function properly and cause him to fall frequently and experience painful nerve damage. (Id. ¶¶ 12–17). In his Motion for Preliminary Injunction, he asks the Court to order: (1) the repair or replacement of the leg braces and for YesCare to cover all associated costs; and (2) an examination by his new medical provider to determine whether his condition has worsened, "and to do this once a year for the next [two] years." (Mot. Prelim. Inj. at 2–3, ECF No. 9).

On July 12, 2024, Campbell filed this lawsuit against Defendant YesCare (ECF No. 1). Campbell amended his Complaint on August 7, 2024, adding Defendants Department of Public Safety and Correctional Services ("DPSCS"), JCI, Robert S. Deon (Warden), and Damean Stewart (Assistant Warden). (ECF No. 7). Campbell appears to allege that Defendants unlawfully delayed or denied him medical care in violation of the Eighth Amendment to the United States Constitution. (Am. Compl. ¶¶ 9, 24).[3] On August 22, 2024, Campbell filed the instant Motion for Preliminary Injunction, (ECF No. 9), and a Motion to Appoint Counsel, (ECF No. 8), which this Court granted on August 22, 2024, (ECF No. 12). YesCare filed its Opposition on September 4, 2024, stating that it was no longer the medical provider for Campbell. (Resp. Mot. Prelim. Inj. at 1, ECF No. 13). On September 11, 2024, the Court issued a Show Cause Order to DPSCS instructing it to

---

[1] Also pending before the Court is Campbell's Request for Extension of Time to file an amended complaint by December 2, 2024. (ECF No. 32). The Motion will be granted.

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[3] Campbell also appears to allege certain violations under the Americans with Disabilities Act. (Am. Compl. ¶¶ 9, 20, ECF No. 7).

answer why injunctive relief should not be granted in favor of Campbell. (Sept. 11, 2024 Order at 2, ECF No. 15). DPSCS filed its Response to the Show Cause Order and Opposition to Campbell's Motion on October 11, 2024. (ECF No. 29). To date, Campbell has not filed a Reply.

Preliminary injunction is an "extraordinary remedy." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. "[A]ll four requirements must be satisfied." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated in part on other grounds, 559 U.S. 1089 (2010). In the prison context, courts should grant preliminary injunctive relief respecting the management of correctional institutions only under "exceptional" and "compelling circumstances." See Taylor v. Freeman, 34 F.3d 266, 269 n.2 (4th Cir. 1994). A plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Med. Grp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

Campbell cannot prevail here because he cannot establish imminent irreparable harm. DPSCS maintains, "[o]n information and belief," that Campbell's new leg braces were made and "prepared for final fitting, adjustment, and pickup as of approximately October 7, 2024" and that he was seen for a medical evaluation just a few weeks prior to the filing of his Motion for Preliminary Injunction. (See Resp. Mot. Prelim. Inj. & Show Cause Order at 13, ECF No. 29; see also Medical Records at 7, ECF No. 29-2). Because Campbell fails to respond to these arguments, he effectively abandons his claims. See, e.g., Grice v. Colvin, 97 F.Supp.3d 684, 707 (D.Md. 2015); Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" "the plaintiff abandons [her] claim."). Therefore, in light of DPSCS's uncontested argument that Campbell has already received the necessary medical evaluation and replacement leg braces he requested, it appears that he cannot explain how injunctive relief would, at this point, provide a prospective remedy for any immediate harm. Accordingly, Campbell's Motion must be denied.

For the reasons set forth above, Campbell's Motion for Preliminary Injunction (ECF No. 9) is DENIED. Campbell's Request for Extension of Time to file an amended complaint (ECF No. 32) is GRANTED. The Clerk is directed to PROVIDE a copy of this Order to counsel of record. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
Chief United States District Judge