**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BERNARD KEVIN CAMPBELL,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. GLR-24-2042** |
| **YESCARE CORP.,** *et al.*, | * | |
| **Defendants.** | * | |

**ORDER**

On July 12, 2024, the Court issued a Memorandum Opinion in a related case that construed correspondence from Plaintiff Bernard Kevin Campbell as asserting civil rights violations. *Campbell* v. *Temesgen*, Civil Action No. GLR-23-2021, 2024 WL 3455001, at *1 n.5 (D. Md. July 12, 2024); *see also* ECF No. 2 at 9 n.5.[1]  The Court ordered that the Clerk of the Court docket this correspondence as a new civil rights complaint.  ECF Nos. 1; 2 at 9 n.5; 3 at 2. The Court subsequently appointed pro bono counsel to represent Mr. Campbell, who filed a Second Amended Complaint asserting federal constitutional and state law claims against Defendants YesCare Corporation (YesCare); MHM Services, Incorporated, doing/business/as Centurion Group, Incorporated (MHM/Centurion Group); Robert S. Dean, Jr., and other Defendants who have since been dismissed from the case.  ECF Nos. 17, 34, 90.

On November 25, 2025, the Court issued a Memorandum Opinion in which it, among other things, denied MHM/Centurion Group's motion to dismiss Count II on the grounds that it is not the proper party. *Campbell* v. *YesCare Corp.*, Civil Action No. GLR-24-2042, 2025 WL 3280265, at *12 (D. Md. Nov. 25, 2025); *see also* ECF No. 90 at 28–30.  On January 7, 2026, the Court approved a Scheduling Order the parties had proposed.  ECF Nos. 102 at 3; 105.

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

Under the Scheduling Order, fact discovery closes on June 8, 2026.  ECF Nos. 102 at 3; 105.  The parties are scheduled to participate in a settlement conference with the Honorable Douglas R. Miller on June 17, 2026.  ECF No. 110.  On March 5, 2026, Mr. Campbell moved for leave to file a Third Amended Complaint, which, among other things, seeks to add Centurion of Maryland, LLC (Centurion of Md.) and Centurion Equity, Incorporated (Centurion Equity) as Defendants and include an alter ego theory of liability.  ECF No. 113 ¶ 14.a.  MHM/Centurion Group opposes the motion in part.  ECF Nos. 120; 120-1.  MHM/Centurion Group does not object to Mr. Campbell amending his pleading to add Centurion of Md., which is the entity that assumed YesCare's role in providing healthcare services at Jessup Correctional Institute, but argues, in essence, that Centurion of Md. should be substituted for MHM/Centurion Group and that there is no basis for adding Centurion Equity as a Defendant.  ECF No. 120; 120-1.

On April 17 and 21, the Honorable George L. Russell referred the case to the undersigned for resolution of discovery disputes identified in correspondence from Mr. Campbell regarding the discovery responses of MHM/Centurion Group and Mr. Dean.  ECF Nos. 122, 124, 126–127; *see also* ECF No. 123.  On April 21, 2026, the undersigned held a discovery conference to address the pending discovery disputes.  ECF No. 128.  During the conference, counsel for MHM/Centurion Group represented that she would produce discovery on behalf of Centurion of Md.  Counsel for Mr. Dean also represented that neither he nor his client (Mr. Dean) had access to the records of the Department of Public Safety and Correctional Services (DPSCS)—a former Defendant who has since been dismissed from the case—and that he had provided counsel for Mr. Campbell with instructions as to how to subpoena records from DPSCS.

For the reasons stated on the record during the discovery conference, it is hereby ORDERED that:

1. On or before April 22, 2026, Mr. Campbell will serve written discovery requests on Centurion of Md. via counsel for MHM/Centurion Group;

2. Counsel for Mr. Campbell and MHM/Centurion Group are directed to meet-and-confer regarding Mr. Campbell's written discovery requests and MHM/Centurion Group's responses and the scope of a production that is proportionate to the needs of the case in light of MHM/Centurion Group's role vis-à-vis Centurion of Md.  If counsel are unable to resolve the areas of disagreement, they will jointly file via CM/ECF a request for a further discovery conference on or before May 1, 2026.  Any such request will outline specific areas of disagreement and particularized arguments in support of or against production of the requested materials.  Blanket assertions of undue burden will not suffice;

3. Mr. Campbell may pursue a third-party subpoena to secure any DPSCS records he may seek in discovery.

Date:  April 22, 2026

_____/s/_____
Erin Aslan
United States Magistrate Judge

3